1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| RODNEY B. THOMAS, | CASE NO.   1:11-cv-00545-GBC (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| ANDREWS, et al., | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |
| _____/ | |

15
16

**SCREENING ORDER**

17

**I.    PROCEDURAL HISTORY**

18       Plaintiff Rodney B. Thomas ("Plaintiff") is a federal prisoner proceeding pro se in this

19
20 civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of

21 Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by

22 federal actors.  Plaintiff filed this action on April 1, 2011 and consented to Magistrate Judge

23 jurisdiction on April 18, 2011.  (ECF Nos. 1 & 5.)  No other parties have appeared.

24       Plaintiff's Complaint is now before the Court for screening.  For the reasons stated

25 below, the Court finds that Plaintiff has failed to state any claims upon which relief may be

26 granted.

27
1

## II.    SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 129 S.Ct. at 1949.

## III.    SUMMARY OF COMPLAINT

Plaintiff claims violations of his Eighth Amendment right to adequate medical care and right to be free from cruel and unusual punishment.  Plaintiff names the following individuals as Defendants: Warden Andrews, Warden Neil Alder, Warden Jeff Wringley,

2

Assistant Warden Wofford, Clinical Director Rucker, Health Services Administrator Laurie Watts, Doctor Ndukwe N. Odluga, Counselor Delannes, Unit Manager Bernard, and John and Jane Does 10-15.  All Defendants were employed at Taft Correctional Institute at the time of the incidents.

Plaintiff alleges the following:  In 2001, Plaintiff was prescribed a specific medical regimen by a specialist during his stay at a different facility.  Plaintiff is blind and suffers from glaucoma, diabetes, high blood pressure, neuropathy and angina.  Upon Plaintiff's arrival at Taft, he was not assigned an inmate companion nor was he given his prescriptions.  The Medical Department stated that it did not have Plaintiff's medical records, so Plaintiff did not receive his prescriptions for over thirty days, including not receiving prescribed eye drops.  Plaintiff filed numerous grievances.  Defendant Rucker investigated Plaintiff's claims and concluded that there was no record of Plaintiff's eye drop prescription at Taft.  Soon thereafter, Plaintiff's medical records were received and the appropriate eye drops were ordered for Plaintiff.  Plaintiff was unable to receive his eye drops consistently.  Plaintiff also had problems receiving his other medications consistently.

Plaintiff was not provided with an inmate assistant to help him with mobility, reading, writing, and other day-to-day tasks.  Plaintiff was promised a room for the disable, but he never received one.

Plaintiff was not provided with adequate nutrition or exercise considering his diabetic condition.  Plaintiff requested access to the universal gym or to be placed on a special exercise program because of his diabetes and neuropathy.  Defendant Rucker denied Plaintiff's requests.

Plaintiff seeks monetary and punitive  damages.

3

IV. **ANALYSIS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

A. **Eighth Amendment Claims**

Plaintiff claims that Defendants violated his Eighth Amendment right by failing to provide adequate medical care. Specifically, Plaintiff states that he did not receive his prescriptions regularly and he was not provide adequate meals or exercise for his diabetes.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a

4

prisoner's pain or possible medical need, and harm caused by the indifference." <u>Jett</u>, 439 F.3d at 1096 (citing <u>McGuckin</u>, 974 F.2d at 1060).  In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing <u>Estelle</u>, 429 U.S. at 105-06).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Estelle</u>, 429 U.S. at 106; <u>see also</u> <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1316 (9th Cir. 1995); <u>McGuckin</u>, 974 F.2d at 1050, overruled on other grounds, <u>WMX</u>, 104 F.3d at 1136.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  <u>See</u> <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1986)

(internal citations omitted).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

### 1.    Prescriptions

Plaintiff alleges that upon transfer he was denied his prescriptions because the medical department did not have his medical records yet.  Plaintiff states that he was denied his prescriptions for over thirty days because of the missing records. He also states that this failure made his eyes hemorrhage.

As stated above, to state a claim for denial of constitutionally adequate medical care, a plaintiff must allege facts to support that he has or had a serious medical need and that a particular defendant acted with deliberate indifference to that need.  See Estelle, 429 U.S. 97, 104-05; Lolli v. County of Orange, 351 F.3d 410, 418-19 (9th Cir. 2003).  He must also allege facts to support that a defendant acted with deliberate indifference to the serious medical need.  Deliberate indifference may occur if "prison officials deny, delay or intentionally interfere with medical treatment."  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).  Mere negligence, however, "in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."  Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000) (quoting Hutchinson, 838 F.2d at 394). Further, a delay in receiving medical care, without more, is insufficient to state a claim against a jailor for deliberate indifference unless the plaintiff can show that the delay in treatment harmed him.  Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Here, Plaintiff fails state who was responsible for him not receiving his prescriptions.

6

He states that Defendants Rucker, Watts, and Odeluga were "directly involved", but he fails to state how. Thus, he has not demonstrated deliberate indifference. Furthermore, Plaintiff's current description of his claim appears to be more negligence than deliberate indifference to a serious medical need. Plaintiff states that he was refused prescriptions because his medical records had not arrived from his previous institution. Plaintiff then states that once the files arrived, he received his medications. This does not demonstrate deliberate indifference. Also, Plaintiff states that he filed grievances, but he does not state that he told any one of the oversight. If no one was aware that Plaintiff was not receiving his prescriptions, then deliberate indifference can not be shown.

The Court will dismiss this claim with leave to amend. In his amended complaint, Plaintiff must attribute responsibility for this failure to a named Defendant, he must also demonstrate that the named Defendant had knowledge, but was deliberately indifferent anyway.

### 2. Diabetes

Plaintiff states that he was not provided with adequate nutrition or exercise considering that he is diabetic. Plaintiff requested additional gym access or an exercise program, both of which were denied by Defendant Rucker.

As to the diet, Plaintiff, again, fails to name a Defendant who is responsible for this action or inaction. He states that this "directly involves" Defendants Rucker and Odeluga, but he fails to state how. He does not state that they denied his request, he does not state that they were aware of his need, he does not demonstrate that they were somehow deliberately indifferent to his serious medical condition. Plaintiff also fails to state that he suffered any harm caused by the food provided. Thus, Plaintiff fails to state a claim.

1
2        As to the exercise, Plaintiff also fails to state a claim.  He states that Defendant
3   Rucker denied his request for additional time in the gym or an exercise program, but
4
5   Plaintiff fails to state whether Defendant Rucker was aware of Plaintiff's diabetes.  Plaintiff
    also fails to state that he suffered any harm because of the denial of additional exercise.
6
7        Accordingly, these claims are dismissed and Plaintiff is given leave to amend to
    attempt to state such claims.
8
         **B.    Inmate Companion**
9
10       Plaintiff states that Defendants failed to assigned an inmate companion to help him
11  because he is blind.  Plaintiff states that he needs help with mobility, reading, writing, and
12
13  other day-to-day tasks.  He refers to the "Rehabilitation Act of 1973" as providing for such
    assistance.  It appears that Plaintiff may be trying to assert a violation of the Americans
14
15  with Disabilities Act ("ADA") or the Rehabilitation Act.  However, he does not state that he
16  was unable to participate in any programs or activities because of his disability nor does
17
    he state who was responsible for this action or inaction.  Plaintiff states that Defendants
18
19  Andrews, Wringley, Alder, Wofford, Rucker, Watts, Bernard, and Delannes were "directly
    involved", but, again, Plaintiff does not state how they were involved.
20
21       If Plaintiff intends to pursue an ADA claim, he should keep the following legal
22  standard in mind for his amended complaint.  Title II of the Americans with Disabilities Act
23  "prohibit[s] discrimination on the basis of disability."  Lovell v. Chandler, 303 F.3d 1039,
24
    1052 (9th Cir. 2002).  Title II of the ADA provides that "no qualified individual with a
25
26  disability shall, by reason of such disability, be excluded from participation in or be denied
    the benefits of the services, programs, or activities of a public entity, or be subject to
27
    discrimination by such entity."  42 U.S.C. § 12132.  Title II of the ADA applies to inmates

within state prisons.  Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of his disability."  Lovell, 303 F.3d at 1052. Plaintiff should also note that he "cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA."  Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir.2002).

If Plaintiff intends to pursue a claim under the Rehabilitation Act, he should keep the following legal standard in mind.  To state a claim under Section 504 of the Rehabilitation Act, a plaintiff must show (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit of a program or activity; (3) he was denied the benefit of a program or activity solely by reason of his disability; and (4) the program or activity receives federal financial assistance.  See 29 U.S.C. § 794(a); Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001).  Section 1983 is not a vehicle to vindicate statutory rights secured by the ADA or the RA; rather, a plaintiff must sue under those statutes directly. See Miranda v. Kitzhaber, 328 F.3d 1181, 1187–90 (9th Cir. 2003); Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002), cert. denied, 537 U.S. 1104 (2003).

## C.    Inmate Appeals Claim

Plaintiff appears to be alleging that Defendant Rucker somehow violated his rights through the grievance process.  After filing numerous grievances, Defendant Rucker

investigated one and concluded that there was not any record of Plaintiff's eye drop prescription at Taft.

Defendant's actions in responding to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983 for violation of due process.  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates."   Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner; Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a Section 1983 action.  Buckley, 997 F.2d at 495.

Because Plaintiff has neither a liberty interest nor a substantive right in inmate appeals, Plaintiff fails to state a claim in this regard.  Because amendment of this claim would be futile, the Court advises Plaintiff that he would be well-served devoting his energy to pursuing his other claims.

**D.    Doe Defendants**

Plaintiff names as Defendants Does 10-15.  "As a general rule, the use of 'John Doe' to identify a defendant is not favored."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  "It is permissible to use Doe defendant designations in a complaint to refer to

10

defendants whose names are unknown to plaintiff.  Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem:  those persons cannot be served with process until they are identified by their real names."  Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D. Cal. July 20, 2010).

Plaintiff is advised that John Doe Defendant can not be served by the United States Marshal until he has identified him as an actual individual and amended his complaint to substitute the Defendant's actual name.  The burden remains on Plaintiff to promptly discover the full name of Doe Defendant; the Court will not undertake to investigate the names and identities of unnamed defendants.  Id.  The Court will grant Plaintiff leave to amend this claim and attempt to set forth sufficient identification.

### E.    Personal Participation and Supervisory Liability

Though Plaintiff names all of the Defendants in his statement of the case, he does not attribute any unconstitutional action/inaction to any of them.  Plaintiff repeatedly states that Defendants were "directly involved" in the complained of conduct.  However, Plaintiff never states how each Defendant directly participated in the violation of his rights.  Plaintiff's conclusory allegations are not sufficient to state a cognizable Section 1983 claim.  And, Plaintiff fails to mention any of the Doe Defendants in the statement of the case.  Perhaps, Plaintiff is arguing that all of the Defendants are liable for the conduct of their subordinates as none of them were present or participated in the complained of conduct as currently described by Plaintiff.

Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  The

Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004). In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892. The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability. Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002). Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury. Id. "'The requisite causal connection can be established . . . by setting in motion a series

12

of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)).   However "where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others." Star v. Baca, 633 F.3d 1191, 1196 (9th Cir. 2011).

Plaintiff has not alleged facts demonstrating that any of the Defendants personally acted to violate his rights.  In fact, Plaintiff fails to attribute any actions at all to the named Defendants.   Upon amendment of his Complaint, he needs to specifically link each Defendant to a violation of his rights.

## V.   CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any claims upon which relief may be granted.  The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.    Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims or defendants.  Plaintiff should focus the amended complaint on claim and defendants discussed herein.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.      Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2.      Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:11-cv-545-GBC (PC); and

3.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   August 25, 2011

UNITED STATES MAGISTRATE JUDGE

14