# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY B. THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREWS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-cv-00545-GBC (PC)<br><br>ORDER TO SHOW CAUSE FOR FAILURE TO COMPLY THE COURT'S AUGUST 25, 2011 SCREENING ORDER<br><br>PLAINTIFF MUST SHOW CAUSE OR FILE AN AMENDED COMPLAINT BY OCTOBER 31, 2011 |

**ORDER**

Plaintiff Rodney B. Thomas is a federal prisoner proceeding pro se in this civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. On August 25, 2011, the Court screened Plaintiff's Complaint and found that it failed to state any claims upon which relief could be granted. (ECF Nos. 1 & 9.) The Court dismissed Plaintiff's Complaint and ordered him to file a first amended complaint within thirty days. (Id.) He was also warned that failure to comply with the Court's Order may result in dismissal of this action for failure to state a claim upon which relief could be granted. (Id.)

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may

1  impose sanctions including, where appropriate . . . dismissal of a case." Thompson v.
2  Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with
3  prejudice, based on a party's failure to prosecute an action, failure to obey a court order,
4  or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.
5  1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258,
6  1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment
7  of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure
8  to comply with local rule requiring pro se plaintiffs to keep court apprised of address);
9  Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to
10 comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)
11 (dismissal for failure to lack of prosecution and failure to comply with local rules).

12         To date, Plaintiff has not filed an amended complaint or otherwise responded to the
13 Court's August 25, 2011 Screening Order and more than thirty days have passed.
14 Accordingly, not later than **October 31, 2011**, Plaintiff shall either file an amended
15 complaint or show cause as to why his case should not be dismissed.

16         Plaintiff is hereby on notice that failure to comply with this Order will result in
17 dismissal of this action for failure to prosecute and failure to state a claim upon which relief
18 could be granted.

19 IT IS SO ORDERED.

20 Dated:   October 3, 2011
21                                                        UNITED STATES MAGISTRATE JUDGE

2