# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY B. THOMAS, | CASE NO. 1:11-cv-00545-GBC (PC) |
| Plaintiff, | ORDER DISMISSING ACTION FOR LACK OF JURISDICTION |
| v. | |
| ANDREWS, et al., | |
| Defendants. | |

On April 1, 2011, Plaintiff Rodney B. Thomas ("Plaintiff"), a federal prisoner proceeding pro se, filed a complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Doc. 1. On October 31, 2011, Plaintiff filed an amended complaint, alleging claims of Eighth Amendment deliberate indifference to medical need due to his diabetes and blindness and cruel and unusual punishment by denial of exercise. Pl. Am. Compl. at 2-7, Doc. 12. Plaintiff seeks damages from Defendants, who were employed by Taft Correctional Institution, which is owned and operated by a private company.[1] *Id.* at 2 & 7.

The United States Supreme court recently held that a *Bivens* remedy is not available to a prisoner seeking relief against the employees of a private prison. In *Minneci v. Pollard*, __U.S.__, 132 S. Ct. 617, 626 (Jan. 10, 2012), the Supreme Court held:

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . . the prisoner must seek a remedy under state tort law. We cannot imply a *Bivens* remedy in such a case.

---

[1] Plaintiff is currently incarcerated at Behavioral Systems Southwest in Rubidoux, California.

*Id.* As in *Minneci*, Plaintiff alleges Eighth Amendment claims; seeks damages against Defendant employees of a private prison; and has an alternate remedy under state tort law.

The federal courts are courts of limited jurisdiction, and, where a court determines that it lacks jurisdiction, it "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Therefore, in accordance with *Minneci*, this Court lacks jurisdiction to decide a *Bivens* claim against Defendants employed by a private prison and dismissal is warranted.

> Regrettably, questions of convenience or efficiency can play no role in our decision. Harsh as a [dismissal] at this stage of the litigation may seem, we are constrained by statute and Supreme Court precedent. Jurisdiction is not a question of equity: "Courts created by statute can have no jurisdiction but such as the statute confers. No one of them can assert a just claim to jurisdiction exclusively conferred on another." *Sheldon v. Sill*, 49 U.S. 441, 449 (1850); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (court lacking jurisdiction to hear a case may not reach the merits even if acting "in the interest of justice"); *The Wellness Cmty. v. Wellness House*, 70 F.3d 46, 50 (7th Cir. 1995) ("Parties are always put to some expense when they litigate in the wrong court and then suffer a jurisdictional dismissal, but this does not override the important principle that the federal courts are courts of limited jurisdiction.").

*See Breed v. Hughes Aircraft Co.*, 253 F.3d 1173 (9th Cir. 2001).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is DISMISSED, for lack of jurisdiction; and

2. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   February 24, 2012

UNITED STATES MAGISTRATE JUDGE